**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan N. Jenkins,<br><br>   Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>   Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CV 18-0331-TUC-JAS (LAB)

**REPORT AND RECOMMENDATION**

Pending before the court is a petition for writ of habeas corpus filed on July 5, 2018, by Bryan N. Jenkins, an inmate currently held in the Arizona State Prison Complex in Winslow, Arizona. (Doc. 1); (Doc. 13) Jenkins challenges a prison disciplinary proceeding that occurred on December 23, 2016 at the Arizona Prison Complex, Tucson-Whetstone unit. (Doc. 1, p. 6)

Pursuant to the Rules of Practice of this court, the matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the petition. Jenkins' claims are not exhausted.


Summary of the Case

On December 7, 2016, Jenkins was part of an off-site work crew, which was assigned to clean up trash. (Doc. 10-1, p. 15) When the inmates were returning to the correctional facility, Jenkins was pat searched by Corrections Officer Encinas. (Doc. 10-1, p. 9) Jenkins was found in possession of an empty plastic tube container labeled "Medical Cannabis." *Id.*

Jenkins was initially charged with 13A Promoting Prison Contraband. (Doc. 10-1, p. 7) Notice of the charge was served on Jenkins on December 13, 2016. *Id.* On December 23, 2016, Hearing Officer Lee Neil found Jenkins guilty of a slightly different charge, 06A Attempt to Commit a Class A Offense. (Doc. 10-1, pp. 7, 19, 21) The record is unclear, but it is possible that the charge was changed because Jenkins argued he could not be found guilty of Promoting Prison Contraband if the contraband was confiscated before he re-entered the correctional facility. (Doc. 10-1, pp. 15, 63) Jenkins was penalized by a loss of 10 earned release credits, among other things. (Doc. 10-1, p. 19)

Jenkins filed a Step I appeal on December 27, 2016, arguing there was insufficient proof to support the finding of guilty. (Doc. 10-1, p. 21) The appeal was denied on January 3, 2017. (Doc. 10-1, p. 23) Jenkins filed a Step II appeal on January 10, 2017, arguing (1) his due process rights were violated because his Step I appeal was decided by the assistant deputy warden, not the deputy warden himself, and (2) there was insufficient evidence of guilt because he was still outside the institution when he was found in possession of the contraband. (Doc. 10-1, p. 25) He filed an amended Step II appeal on January 11, 2017. (Doc. 10-1, p. 31) The Step II appeal was returned unprocessed because the Step II appeal raised different issues than the Step I appeal. (Doc. 10-1, p. 33) Jenkins filed his final administrative appeal on January 18, 2017. (Doc. 10-1, p. 35) That appeal was denied on January 19, 2017. (Doc. 10-1, p. 37)

On September 11, 2017, Jenkins filed a special action petition in the Arizona Superior Court arguing his procedural due process rights were violated at the disciplinary hearing. (Doc. 1-1, p. 4) On April 6, 2018, the Arizona Superior Court dismissed the action without prejudice for failure to serve process within 90 days pursuant to Ariz.R.Civ.P. 4(i). (Doc. 1-1, p. 30) Jenkins petitioned the Arizona Court of Appeals for review on June 19, 2018. (Doc. 1-1, p. 20) The Arizona Court of Appeals issued an order on June 19, 2018 stating that, "The Court declines to accept jurisdiction." (Doc. 1-1, p. 31)

On July 5, 2018, Jenkins filed in this court the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) He claims his procedural due process rights were violated at the disciplinary hearing. (Doc. 1)

The respondents filed an answer in which they argue, among other things, that Jenkins's claims were not properly exhausted. (Doc. 10)

Jenkins filed a reply in which he explains that he tried to serve his special action on the defendants but they would not accept service. (Doc. 12)

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[The] standard is intentionally difficult to meet." *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015). "'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of th[e] [Supreme] Court's decisions." *Id.*

A decision is "contrary to" Supreme Court precedent if that Court already confronted "the specific question presented in this case" and reached a different result. *Woods*, 135 S.Ct. at 1377. A decision is an "unreasonable application of" Supreme Court precedent if it is "objectively unreasonable, not merely wrong; even clear error will not suffice." *Id.* at 1376. "To satisfy this high bar, a habeas petitioner is required to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* (punctuation modified)

If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003).

Federal habeas review is limited to those claims for which the petitioner has already sought redress in the state courts. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A).

To be properly exhausted, a claim must be "fairly presented" to the state courts. *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.*

In addition, the petitioner must explicitly alert the state court that he is raising a *federal* constitutional claim. *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, the exhaustion requirement is ordinarily satisfied once the petitioner presents his claims to the Arizona Court of Appeals for review. *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). The court assumes, without deciding, that this general rule applies where a claim must be exhausted through a petition for special action. *But see Rodriguez v. Klein*, 2006 WL 1806020, *4 (D.Ariz. 2006) (stating that a habeas claim exhausted through a petition for special action must be presented to the Arizona Supreme Court). If state remedies have not been properly exhausted, the petition may not be granted and ordinarily should be dismissed without prejudice. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th

Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to properly exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the claim on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the court would raise a procedural bar if it were presented now. *Id.*

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998). "To qualify for the fundamental miscarriage of justice exception to the procedural default rule, however, [the petitioner] must show that a constitutional violation has probably resulted in the conviction when he was actually innocent of the offense." *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008).

If a claim is procedurally defaulted and is not excused, the claim should be dismissed with prejudice because the claim was not properly exhausted and "the petitioner has no further recourse in state court." *Franklin*, 290 F.3d at 1231.

In this case, the respondents argue that Jenkins failed to properly exhaust his claims. They are correct.

A claim concerning earned release credits is properly exhausted through a petition for special action. *Stanhope v. Ryan*, 2017 WL 1163303, *6 (D.Ariz. 2017). Jenkins filed such a petition with the Arizona Superior Court, but he failed to timely serve it on the respondents. (Doc. 1-1, p. 30) Consequently, the court dismissed his petition without prejudice. *Id.* Jenkins petitioned for review, but the Arizona Court of Appeals issued an order summarily declining to accept jurisdiction. (Doc. 1-1, p. 31) Because the appellate court failed to explain its reasoning, this court looks to the reasoning articulated by the Superior Court below. *See Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003).

The Arizona Superior Court dismissed Jenkins' petition for special action because he failed to timely serve it on the respondents. (Doc. 1-1, p. 30) This failure deprived the state

courts of the chance in the first instance to rule on the merits of his claims.  *See Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).  His claims therefore were not properly exhausted. *Id*.  And this petition must be dismissed.  *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991); *see, e.g., Walck v. Mahoney*, 2006 WL 2225296, at *5 (D. Mont. 2006) (The defendant's failure to serve his state habeas petition on the state resulted in procedural default.).

Jenkins asserts in his reply that he did try to serve his petition for special action.  (Doc. 12)  He maintains that the respondents improperly refused to accept his attempts at service.  *Id*. He seems to argue that his good faith attempt at service is sufficient to comply with the Rule. The Arizona Superior Court, however, found that Jenkins failed to accomplish service under the Arizona Rules of Civil Procedure, and "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."    (Doc. 1-1, p. 30) (dismissing the action for failure to timely serve pursuant to Ariz.R.Civ.P. 4(i)); *Bradshaw v. Richey*, 546 U.S. 74, 76, 126 S. Ct. 602, 604 (2005).

The respondents state in a conclusory fashion that Jenkins' claims are now procedurally defaulted, but they do not explain their reasoning.  And the record does not appear to support their assertion.  *See* (Doc. 1-1, p. 30) (dismissing the action *without prejudice*)

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order Dismissing the petition for writ of habeas corpus.  (Doc. 1) Jenkins' claims are not exhausted.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation.  If objections are not timely filed, they may be deemed waived.  The Local Rules permit a response to an objection. They do not permit a reply to a response.

DATED this 6th day of March, 2019.

*Leslie A. Bowman*

Leslie A. Bowman
United States Magistrate Judge

- 6 -